# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| PATRICIA A. BROWER ) | |
| ) | No. 9:14-cv-306-DCN |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| TODD DUANE BLITCH; LARK UNITED ) | |
| MANUFACTURING INC.; JAK ) | |
| TRANSPORT INC.; and ) | |
| JOHN DOE, *unknown driver*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on a motion to dismiss filed by defendants JAK Transport, Inc. ("JAK") and John Doe, unknown driver (collectively, the "JAK defendants"). For the reasons set forth below, the court denies the JAK defendants' motion.

## I. BACKGROUND

The following allegations are taken from plaintiff Patricia A. Brower's ("Brower") complaint.

This case arises out of a January 14, 2012 car accident on Interstate 95 near Hardeeville in Jasper County, South Carolina. Brower was driving north on I-95 at about 11:00 p.m. A vehicle owned by JAK and driven by John Doe was pulling a trailer owned by defendant Lark Manufacturing on I-95 in front of Brower's car. Defendant Todd Duane Blitch ("Blitch") was driving a Dodge truck immediately behind Brower. Brower alleges that while driving, the trailer became separated from JAK's vehicle and blocked the north-bound lanes of I-95 as the JAK vehicle continued driving north. Brower was

1

forced to brake to avoid colliding with the trailer and eventually came to a complete stop. Blitch then collided with the rear driver side of Brower's vehicle, causing significant damage and injuries.

On December 17, 2013, Brower filed a complaint in state court. On January 3, 2014, Brower filed an amended complaint alleging negligence and recklessness against all of the defendants. On February 5, 2014, the case was removed to federal court. The JAK defendants filed a motion to dismiss for lack of jurisdiction on February 6, 2014. Brower responded on February 24, 2014 and the JAK defendants filed a brief reply March 6, 2014. The matter is now ripe for the court's review.

## II.  STANDARD

When personal jurisdiction is challenged by the defendant, the plaintiff has the burden of showing that jurisdiction exists. See In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997). When the court decides a personal jurisdiction challenge without an evidentiary hearing, plaintiffs must prove a prima facie case of personal jurisdiction. See Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). To determine whether a plaintiff has proved satisfied this burden, the court may consider both the defendant's and the plaintiff's "pleadings, affidavits, and other supporting documents presented to the court" and must construe them "in the light most favorable to plaintiff, drawing all inferences and resolving all factual disputes in its favor," and "assuming [plaintiff's] credibility." Masselli & Lane, PC v. Miller & Schuh, PA, 215 F.3d 1320, 2000 WL 691100, at *1 (4th Cir. 2000) (table); Mylan Labs, 2 F.3d at 62; Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)). The court, however, need not "credit conclusory

allegations or draw farfetched inferences." Massellli, 2000 WL 691100, at *1 (quoting Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994)).

### III.  DISCUSSION

"[T]o validly assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied." Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must not "overstep the bounds" of Fourteenth Amendment's Due Process Clause. Anita's N.M. Style Mexican Food, Inc. v. Anita's Mexican Foods Corp., 201 F.3d 314, 317 (4th Cir. 2000). South Carolina's long-arm statute has been construed to extend to the outer limits allowed by the Due Process Clause. Foster v. Arletty 3 Sarl, 278 F.3d 409, 414 (4th Cir. 2002). "Because South Carolina treats its long-arm statute as coextensive with the due process clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process."[1] Cockrell v. Hillerich & Bradsby Co., 611 S.E.2d 505, 508 (S.C. 2005). Thus, the scope of the court's inquiry is whether defendants have "certain minimum contacts" with the forum, such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citations omitted). A defendant has minimum contacts with a state when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Under this

---

[1] Although the South Carolina long-arm statute is not directly at issue here, the court notes that it explicitly allows a court to exercise personal jurisdiction over a person with regard to a "cause of action arising from the person's commission of a tortious act in whole or in part in this State." S.C. Code Ann. §36-2-803(A)(3).

standard, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

The analytical framework for determining whether personal jurisdiction exists differs according to which type of personal jurisdiction – general or specific – is alleged. See generally ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623-24 (4th Cir. 1997). When a cause of action arises out of a defendant's contacts with the forum, a court may seek to exercise specific jurisdiction over a defendant that purposefully directs activities toward the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985). When the cause of action does not arise out of a defendant's contacts with the forum, general jurisdiction may be exercised upon a showing that the defendant's contacts are of a "continuous and systematic" nature. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984).

Brower appears to concede that the JAK defendants do not have "continuous and systematic" ties to South Carolina, and instead bases her argument almost entirely on specific jurisdiction arising from "a single transaction." See Pl.'s Resp. 2. Therefore, the only issue before the court is whether the JAK defendants had sufficient minimum contacts to subject them to specific jurisdiction in South Carolina.

The Fourth Circuit applies a three-part test when evaluating the propriety of exercising specific jurisdiction: (1) whether and to what extent the defendant purposely availed itself of the privileges of conducting activities in the forum state, and thus

4

invoked the benefits and protections of its laws; (2) whether the plaintiff's claims arise out of those forum-related activities; and (3) whether the exercise of jurisdiction is constitutionally "reasonable."  Nolan, 259 F.3d at 215-16 (citing Helicopteros, 466 U.S. at 414-16; Burger King, 471 U.S. at 472, 476-77).

### A. Purposeful Availment

The first inquiry concerns whether a defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  J. McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. 2780, 2788 (2011) (quoting Hanson, 357 U.S. at 253).  The "purposeful availment" element ensures that a defendant will not be haled into court in a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts or the unilateral activity of another person or third party.  Burger King, 471 U.S. at 475.  Even a single contact with the forum state can constitute purposeful availment sufficient to satisfy due process requirements.  Id. at 475 n.18 ("So long as it creates a 'substantial connection' with the forum, even a single act can support jurisdiction.").  The Fourth Circuit has held that a "single transaction is a sufficient contact to satisfy [due process] if it gives rise to the liability asserted in the suit."  Hardy v. Pioneer Parachute Co., 531 F.2d 193, 195 (4th Cir. 1976).

The JAK defendants purposefully availed themselves of the benefits and protection of South Carolina's laws by intentionally and voluntarily entering South Carolina and driving their truck on South Carolina's highways.  In its search, the court was not able to find a case directly on point – perhaps because the notion that a defendant who voluntarily enters a state and commits a tort there is subject to personal jurisdiction

in that state is such an elementary concept of civil procedure that it is taught in the first week of law school.

In short, the JAK defendants have a "substantial connection," Burger King, 471 U.S. at 475, with South Carolina – they intentionally entered the state and used its roads and highways. They should therefore reasonably anticipate being haled into court in South Carolina for torts allegedly committed while on those highways.

### B.     Activities Directed at Forum

The second prong of the test for specific jurisdiction requires that the defendant's contacts with the forum state form the basis of the suit. See Burger King, 471 U.S. at 472; Helicopteros, 466 U.S. at 414. The second prong is easily met here – Brower's claims arise directly from the JAK defendants driving through South Carolina.

### C.     Reasonableness

"Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." Burger King, 471 U.S. at 476. Such factors include: (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies. Id. at 477 (citation omitted). "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Id. (emphasis

added).  "[J]urisdictional rules may not be employed in such a way as to make litigation so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent."  Id. at 478.

The JAK defendants argue that personal jurisdiction is unfair because all of the parties are from different states,[2] and therefore South Carolina's interest in adjudicating the case would be less than that of those other states.  Defs.' Mot. 10.  Additionally, the JAK defendants note the burden that would be placed on all parties if they have to travel to South Carolina to litigate this matter.  Id.  In contrast, Brower argues that a South Carolina forum is appropriate because South Carolina has an interest in adjudicating this matter since the accident occurred in South Carolina, the investigating officers and initial responders are in South Carolina, and the applicable law is that of South Carolina.  Pl.'s Resp. 4.

The JAK defendants have not made a "compelling case" that additional factors render jurisdiction in this court unreasonable.  The JAK defendants' first argument, that all the parties are residents of different states, may actually favor litigating the case in South Carolina – if the case is not litigated in South Carolina, Brower would likely be unable to sue all the parties in one forum and would therefore have to bring multiple suits.  Additionally, the JAK defendants' second objection, that it would be burdensome to travel to South Carolina to litigate, is simply the same burden that every nonresident faces when litigating in a different state – there is nothing unique about the JAK defendants here.  Regardless, the distance between Georgia and Charleston, South Carolina, is not unduly burdensome and we have great restaurants here.

---

[2] According to the JAK defendants, Brower is from New Jersey, Blitch is from Florida, and Lark and the JAK defendants are from Georgia.  Defs.' Mot. 10.

Because the JAK defendants purposefully availed themselves of the benefits and protections of South Carolina law and because haling them into court in South Carolina does not offend traditional notions of fair play and substantial justice, this court has personal jurisdiction over the JAK defendants.

## IV.   CONCLUSION

Based on the foregoing, the court **DENIES** the JAK defendants' motion to dismiss for lack of jurisdiction.

**AND IT IS SO ORDERED**.

　

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 8, 2014**
**Charleston, South Carolina**